IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KIMBERLY M. BLOCHOWICZ, Ph.D., MSN, RN, ADA Advocate for Jeffrey M. Blochowicz, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 120-111 |
| ROBERT WILKIE, Individually and in His Official Capacity as Secretary of Veterans Affairs, et al., | ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On August 4, 2020, Plaintiff Kimberly M. Blochowicz, filed a 331-page complaint, with over 500 pages of exhibits attached, naming at least forty-five Defendants. The named Defendants range from the Secretary of Veterans Affairs, to the Attorney General for the State of Georgia, superior court judges, administrative law judges, a local newspaper reporter and the company who owns the newspaper for which she works, as well private attorneys and a law firm who have represented other Defendants during the course of various interactions with Plaintiff and/or her husband.

The complaint is the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc.,

657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure."). The complaint includes multiple counts where "each count adopts the allegations of all preceding counts"[1] and it is replete with "conclusory, vague and immaterial facts not obviously connected" to the particular causes of action."[2]  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). Such complaints "waste judicial resources, inexorably broaden[] the scope of discovery, wreak havoc on appellate court dockets, and undermine[] the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations and internal quotations omitted).

The Eleventh Circuit instructs that when a party files a shotgun pleading, the court should strike the pleading and direct that a new complaint be filed. Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) (citations omitted). "This is so even when the other party does not move to strike the pleading. Implicit in such a repleading order is

---

[1] At the beginning of Claim Two, Plaintiff "reallege(s) all facts from claim 1 above." (Doc. no. 1, p. 120). At the beginning of Claim 3, Plaintiff "reallege(s) all facts from Claims 1 and 2 above." (Id. at 308.) At the beginning of Claim 4, Plaintiff "reallege(s) all facts from Claims 1, 2 and 3 above." (Id. at 311.)

[2] Within the complaint, and in addition to the over 500 pages of exhibits attached to the complaint, Plaintiff reprints email strings and letters to elected officials expressing dissatisfaction with the progression of Jeffrey Blochowicz's underlying, ongoing criminal proceedings. (See, e.g., doc. no. 1, pp. 224-31, 256-57.)

the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" Id. (citations omitted).

Recognizing Plaintiff's *pro se* status, the Court will provide her an opportunity to cure her pleading deficiency, and **ORDERS** Plaintiff to file an amended complaint within fourteen days of the date of this Order that complies with the requirements of Federal Rule of Civil Procedure 8(a) that a pleading provide a short and plain statement of the grounds for the Court's jurisdiction, showing Plaintiff is entitled to relief, and a demand for the relief sought.  The allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

In filing an amended complaint, Plaintiff should also consider that "[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interest of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). A limited exception to this general rule may be invoked when three criteria are satisfied: (1) the litigant has "suffered an 'injury in fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute"; (2) the litigant has a "close relation to the third party"; and (3) "there must exist some hindrance to the third party's ability to protect his or her own interests." Id. at 411. Plaintiff's conclusory reference to a "zone of interest" does not provide the necessary information for the Court to conclude she has standing to bring claims on behalf of her husband. (See, e.g., doc. no. 1, pp. 39, 63.)

Additionally, the shotgun pleading obfuscates the necessary information to consider whether the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), precludes this Court from exercising jurisdiction over claims aimed at restraining pending state criminal actions. According to publicly available records, Jeffrey Blochowicz's criminal case in the Superior Court of Richmond County is on-going. State v. Blochowicz, Case No. 2017RCCR01037 (Richmond Cty. Super. Ct. Aug. 8, 2017), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for Case No. 2017RCCR01037); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)

(noting a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings.)  Furthermore, it is impossible to tell whether the claims related to proceedings before the Merit System Protection Board are properly filed in this Court, or the United States Court of Appeals for the Federal Circuit.  See 5 U.S.C. § 7703(b)(1).

Because Plaintiff must file an amended complaint before the case proceeds, the Request for Reasonable Accommodations concerning the manner in which hearings are held and requesting service of the summons by the United States Marshal is premature and **DENIED WITHOUT PREJUDICE**.  (Doc. no. 4.)  In any event, the Court notes Plaintiff is not proceeding *in forma pauperis* and is therefore not entitled to have service performed by the Marshal, particularly when there has been no showing Plaintiff has first attempted service.  See 28 U.S.C. § 1915(d).

In sum, Plaintiff's complaint in its current form is an impermissible shotgun pleading. Although Plaintiff is proceeding *pro se*, once she is in federal court, she must follow the applicable rules.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); see also Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'").  Failure to submit an amended complaint that complies with the short and plain statement requirements

of Federal Rule 8 within fourteen days of the date of this Order may result in a recommendation of dismissal of this case.  See Jackson, 898 F.3d at 1358-59.

SO ORDERED this 6th day of August, 2020, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA