IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KIMBERLY M. BLOCHOWICZ,
Ph.D., MSN, RN, ADA Advocate
For Jeffrey M. Blochowicz, and
JEFFREY M. BLOCHOWICZ,

    Plaintiffs,

v.    CV 120-111

ROBERT WILKIE, Individually
and in His Official Capacity
as Secretary of Veterans
Affairs, et al.,

    Defendants.

O R D E R

On August 4, 2020, Plaintiff Kimberly M. Blochowicz, proceeding *pro se* and paying the full fee for a civil action, filed a 331-page complaint, with over 500 pages of exhibits attached, naming at least forty-five Defendants. The Magistrate Judge correctly identified the complaint as an impermissible "shotgun pleading," explained the pleading requirement of Federal Rule of Civil Procedure 8(a), and directed Plaintiff to file an amended complaint that complies with the short and plain statement requirements of Rule 8. (See doc. no. 5.) The Magistrate Judge also explained failure to comply with the instructions in the repleading order could

result in a recommendation for dismissal of the case. (See id. at 6.)

Plaintiff(s) responded with a flurry of filings. The Court addresses each filing in turn and explains why the Court is dismissing the case without prejudice.

### I. Motion to Intervene

Plaintiff Kimberly Blochowicz filed the original complaint in her own name and as an advocate for her husband Jeffrey Blochowicz. (Doc. 1.) Mr. Blochowicz now moves to intervene under Federal Rule of Civil Procedure 24(a), explaining when the case was filed, there were criminal charges pending against him that have since been disposed of by an Order of Nolle Prosequi. (See doc. 8 & doc. 10, p. 345.)

Rule 24(a)(2) allows intervention as of right if "the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc., 425 F.3d 1308, 1311 (11th Cir. 2005) (per curiam) (citation omitted). The person seeking to intervene must "show that [he] has an interest in the subject matter of the suit, that [his] ability to protect that interest may be impaired by the disposition of the suit, and

that existing parties in the suit cannot adequately protect that interest." Id.

As the Magistrate Judge noted in his August 6, 2020 Order, there was a question whether Mrs. Blochowicz had standing to bring claims on behalf of her husband. (Doc. 5, p. 4.) Although he does "not question [his] wife's ability to represent [his] interests," (doc. 8, p. 2), Mr. Blochowicz now seeks to join as a Plaintiff. Although he appears to undercut his argument for joining the case as an intervenor, the Court looks beyond the title of the document to properly analyze its substance and recognizes Federal Rule of Civil Procedure 17(a)(3) and Rule 19(a) both contemplate the addition of Mr. Blochowicz to a case brought to challenge alleged violations of his rights and seeking relief on his own behalf. Recognizing it is proper for Mr. Blochowicz to assert his own rights, the Court **GRANTS** the request to join the case, (doc. 8), and **DIRECTS** the Clerk to add Jeffrey M. Blochowicz as a Plaintiff.

II. Motion to File Electronically

The *pro se* Plaintiffs seek permission to allow them to make electronic filings. (Doc. 6.) It is the Southern District of Georgia's policy not to allow "*pro se* litigants to utilize electronic filing." Jenkins v. Drummond, No. CV410-

3

008, 2010 WL 2332700, at *1 n.1 (S.D. Ga. May 25, 2010)(citing United States District Court, Southern District of Georgia Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means). Plaintiffs offer no specific demonstration that an inability to proceed electronically prejudices them. To the extent they claim it takes longer for them to receive Court orders by United States mail, (doc. 9, pp. 6-7), the Federal Rules of Civil Procedure account for such delays by extending the response deadlines. Fed. R. Civ. P. 6(d). Accordingly, Plaintiffs fail to show good cause justifying a departure from the Court's *pro se* filing policy, and the Court **DENIES** the motion to allow electronic filing. (Doc. 6.)

### III. Motion to Recuse the Magistrate Judge

Plaintiffs also filed a "Motion to Recuse Magistrate Judge Brian K Epps," alleging Magistrate Judge Epps has deliberately violated their rights and personal liberties in issuing the August 6, 2020 Order, and "has wantonly refused to provide due process [reasonable accommodations] and equal protections to them" and has "behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings." (Doc. 9, p. 2.) Plaintiffs' motion appears to be based on Magistrate Judge Epps requiring them to replead their original

4

complaint and denying without prejudice their request for certain accommodations concerning the prosecution of this case because the requests were premature in light of the pleading deficiencies in the original complaint.

The Court has previously explained the rules governing recusal as follows:

> Recusal is governed by 28 U.S.C. §§ 144 and 455. Jones v. Commonwealth Land Title Ins. Co., 459 F. App'x 808, 810 (11th Cir. 2012). Under Section 144, a judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000); see also Jones, 459 F. App'x at 811 ("The facts alleged in the affidavit must show that the bias was personal, not judicial in nature." (citing United States v. Archbold-Newball, 554 F.2d 665, 682 (5th Cir. 1977))). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989). Generally, judicial rulings "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." Jones, 459 F. App'x at 811 (citing Archbold-Newball, 554 F.2d at 682). "Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Hamm v. Members of Bd. of Regents

5

of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted).

Daker v. Allen, No. CV 617-079, 2018 WL 9987239, at *1 (S.D. Ga. Mar. 12, 2018) (footnote omitted).

Plaintiffs' motion falls woefully short of satisfying the requirements for recusal. Not only does the motion lack a sufficient affidavit, but it is based solely on Plaintiffs' disagreement with the legal analysis of the Magistrate Judge. As discussed in detail below, the original complaint was accurately characterized as a shotgun pleading. Moreover, the ruling on the request for accommodations was made without prejudice. Thus, if Plaintiffs were to have complied with the requirements of Rule 8 that the complaint be a short and plain statement of their claims, there would be nothing preventing them from re-urging their request. Therefore, the Court **DENIES** the motion for recusal. (Doc. 9.)

**IV. Objections to the Magistrate Judge's August 6 Order**

Plaintiffs object to the Magistrate Judge labeling the original complaint as a shotgun pleading because the "Complaint states only keenly-observed facts that, if proved, will allow [them] to recover injunctive, Compensatory and Punitive Damages at Trial." (Doc. 7, p. 5.) Plaintiffs demand the original complaint be accepted by the Court and the

6

United States Marshal serve the summons on all Defendants. (Id. at 7, 9, 11; see also doc. 9, pp. 1, 10-11 (requesting Mr. Blochowicz be added to the original complaint "**without** amending the claim as this case is a public interest case" (emphasis in original).) Plaintiffs further object to the Magistrate Judge's reference to ongoing criminal proceedings against Mr. Blochowicz because "[t]he entire case (as stated throughout [the original complaint]) was Fake, full of Void Orders, as well as Subject Matter Jurisdiction was Never established by the State of Georgia." (Doc. 7, p. 10.)

The Court modifies or sets aside non-dispositive rulings by the Magistrate Judge that are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous when the Magistrate Judge abuses his discretion or the District Judge "is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013.) A ruling is contrary to law when it fails to follow or misapplies the law. Id.

Here, the Court finds no basis for modifying or setting aside any portion of the August 6 Order. The Court agrees with the description of the original complaint as a shotgun pleading that suffers from all of the deficiencies pointed out

7

by the Magistrate Judge and supported by citations to relevant Eleventh Circuit precedent. While it is true the criminal proceedings against Mr. Blochowicz were disposed of by an Order of Nolle Prosequi *after* entry of the August 6 Order, Plaintiffs' disagreement with the charges and orders entered in the state criminal proceedings does not in any way undermine the description in the Order of on-going criminal proceedings. Moreover, as discussed above, the request for accommodations in conducting the case were denied *without prejudice*, meaning if Plaintiffs were willing to follow pleading requirements such that the case would move forward, nothing would prevent Plaintiffs from re-urging their requests.

Because the challenged ruling is not clearly erroneous or contrary to law, the Court **OVERRULES** the objections, (doc. 7), and **AFFIRMS** the Magistrate Judge's Order. See Fed. R. Civ. P. 72(a); Loc. R. 72.2; Staley v. Owens, 367 F. App'x 102, 104 n.1 (11th Cir. 2010)(*per curiam*).

### V.  Dismissal Without Prejudice Is Appropriate

This Court takes a dim view of shotgun pleadings and has recently explained:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2)

8

> or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings."). There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before...." Weiland, 792 F.3d at 1321. The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts ... or which of the defendants the claim is brought against." Id. at 1323.
>
> . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320. Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020). The Eleventh Circuit requires a district court to give a plaintiff who files a shotgun pleading "at least one chance to replead a more definite statement of her claims before dismissing her case with

9

prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (*per curiam*) (citation omitted).

Here, the Magistrate Judge *sua sponte* provided an opportunity to replead the original shotgun pleading. Plaintiffs responded by arguing the original complaint must be accepted, (see Part IV, *supra*,) and then doubling down by submitting a 335-page amended complaint, (doc. 10), which repeats the pleading errors specifically identified by the Magistrate Judge in his August 6 Order and again qualifies as a shotgun pleading.

For example, the Magistrate Judge warned against incorporating the allegations of all preceding counts. (Doc. 6, p. 2 & n.1.) The amended complaint again incorporates "all facts" from preceding claims. (See, e.g., doc. 10, p. 316 (Claim 5, "reallege[s] all facts from Claims 1, 2, 3 and 4 above"; p. 321, Claim 8, "reallege[s] all facts from claims 1 through 7 above"; p. 330-31, Claim 15, pp. 330-31, "reallege[s] all facts from claims 1-14 above.") The Magistrate Judge likewise warned against reprinting emails and letters within the complaint, (doc. 6, p. 2 n.2), but Plaintiffs again include such material. (See, e.g., doc. 10, pp. 131-34, 143-46, 148-53, 220-23, 227-34, 241-44, 259-62.)

10

Plaintiffs also allege claims against "Defendants" without specifying which of the over forty-five Defendants are responsible for specific acts. (See, e.g., id. at 321 (alleging RICO claim against "defendants" who "committed the acts and/or omissions alleged in Claims 1 through 7 above"; p. 323 ("defendants violated the Civil Service Reform Act (CSRA) by discriminating and retaliating against [Mrs. Blochowicz] for being married to Jeffrey M. Blochowicz"); p. 330-31 (Bad Faith Claim never mentions *any* defendant). In sum, given the opportunity to replead, Plaintiffs have not attempted to cure the deficiencies identified by the Magistrate Judge and in fact repeat the very problems identified in the original complaint.

The Magistrate Judge warned Plaintiffs their case could be dismissed if they did not comply with the Federal Rules of Civil Procedure concerning a short and plain statement of a claim. Plaintiffs objected to the order to replead, made no effort to comply with the repleading instructions, and responded with demands to the Court for acquiescence to their preferred pleading style. As discussed above, the Court has overruled the objections to the August 6 Order and finds Plaintiffs' original and amended complaints are impermissible shotgun pleadings.

11

Thus, the Court concludes it is appropriate to dismiss the case without prejudice for failing to correct a shotgun pleading. Weil v. Phillips, No. 19-14185, 2020 WL 2764701, at *2 (11th Cir. May 27, 2020) (*per curiam*) (rejecting claim of pro se litigant that naming twenty defendants excused him from filing complaint putting each on notice of particular claims and dismissing shotgun pleading after plaintiff failed to correct deficiency after given chance to replead); Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358-59 (11th Cir. 2018) (failing to comply with court order to correct shotgun pleading by filing repleader with same deficiency may result in dismissal of case); see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b) and recognizing Court's inherent authority to manage its docket by dismissing claims to achieve orderly disposition of cases); Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (*per curiam*) (finding dismissal without prejudice generally appropriate pursuant to Rule 41(b) where plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citation omitted); Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (*per curiam*) (finding no abuse of discretion where case

dismissed without prejudice, allowing for party to refile, based on failure to comply with one court order).

## VI. Conclusion

For the reasons set forth above, the Court **GRANTS** the motion to add Jeffrey M. Blochowicz as a Plaintiff. (Doc. 8.) The Court **DENIES** the motions to allow electronic filing and to recuse Magistrate Judge Epps. (Docs. 6, 9.) The Court further **OVERRULES** the objections to the August 6 Order, (doc. 7), and **DISMISSES** the case without prejudice based on Plaintiffs' repeated submission of shotgun pleadings which fail to satisfy the pleading requirements of the Federal Rules of Civil Procedure and do not give Defendants adequate notice of the claims against them and the basis therefore.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2020.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```